JS 44   (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| CHRISTINE STERNBERGER | SPECIAL PEOPLE IN NORTHEAST, INC. |

| **(b)**  County of Residence of First Listed Plaintiff   Philadelphia<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant   Philadelphia<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
|---|---|
| **(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*<br>Brian C. Farrell, Esq.  The Gold Law Firm, P.C.<br>1835 Market St., Ste. 515, Phila, PA 19103 215-569-1999 | Attorneys *(If Known)* |

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance<br>[ ] 120 Marine<br>[ ] 130 Miller Act<br>[ ] 140 Negotiable Instrument<br>[ ] 150 Recovery of Overpayment & Enforcement of Judgment<br>[ ] 151 Medicare Act<br>[ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>[ ] 153 Recovery of Overpayment of Veteran's Benefits<br>[ ] 160 Stockholders' Suits<br>[ ] 190 Other Contract<br>[ ] 195 Contract Product Liability<br>[ ] 196 Franchise | **PERSONAL INJURY**<br>[ ] 310 Airplane<br>[ ] 315 Airplane Product Liability<br>[ ] 320 Assault, Libel & Slander<br>[ ] 330 Federal Employers' Liability<br>[ ] 340 Marine<br>[ ] 345 Marine Product Liability<br>[ ] 350 Motor Vehicle<br>[ ] 355 Motor Vehicle Product Liability<br>[ ] 360 Other Personal Injury<br>[ ] 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>[ ] 365 Personal Injury - Product Liability<br>[ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>[ ] 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>[ ] 370 Other Fraud<br>[ ] 371 Truth in Lending<br>[ ] 380 Other Personal Property Damage<br>[ ] 385 Property Damage Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881<br>[ ] 690 Other | [ ] 422 Appeal 28 USC 158<br>[ ] 423 Withdrawal 28 USC 157<br>**INTELLECTUAL PROPERTY RIGHTS**<br>[ ] 820 Copyrights<br>[ ] 830 Patent<br>[ ] 835 Patent - Abbreviated New Drug Application<br>[ ] 840 Trademark<br>[ ] 880 Defend Trade Secrets Act of 2016 | [ ] 375 False Claims Act<br>[ ] 376 Qui Tam (31 USC 3729(a))<br>[ ] 400 State Reapportionment<br>[ ] 410 Antitrust<br>[ ] 430 Banks and Banking<br>[ ] 450 Commerce<br>[ ] 460 Deportation<br>[ ] 470 Racketeer Influenced and Corrupt Organizations<br>[ ] 480 Consumer Credit (15 USC 1681 or 1692)<br>[ ] 485 Telephone Consumer Protection Act<br>[ ] 490 Cable/Sat TV<br>[ ] 850 Securities/Commodities/ Exchange<br>[ ] 890 Other Statutory Actions<br>[ ] 891 Agricultural Acts<br>[ ] 893 Environmental Matters<br>[ ] 895 Freedom of Information Act<br>[ ] 896 Arbitration<br>[ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>[ ] 950 Constitutionality of State Statutes |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | |
| [ ] 210 Land Condemnation<br>[ ] 220 Foreclosure<br>[ ] 230 Rent Lease & Ejectment<br>[ ] 240 Torts to Land<br>[ ] 245 Tort Product Liability<br>[ ] 290 All Other Real Property | [ ] 440 Other Civil Rights<br>[ ] 441 Voting<br>[x] 442 Employment<br>[ ] 443 Housing/ Accommodations<br>[ ] 445 Amer. w/Disabilities - Employment<br>[ ] 446 Amer. w/Disabilities - Other<br>[ ] 448 Education | **Habeas Corpus:**<br>[ ] 463 Alien Detainee<br>[ ] 510 Motions to Vacate Sentence<br>[ ] 530 General<br>[ ] 535 Death Penalty<br>**Other:**<br>[ ] 540 Mandamus & Other<br>[ ] 550 Civil Rights<br>[ ] 555 Prison Condition<br>[ ] 560 Civil Detainee - Conditions of Confinement | [ ] 710 Fair Labor Standards Act<br>[ ] 720 Labor/Management Relations<br>[ ] 740 Railway Labor Act<br>[ ] 751 Family and Medical Leave Act<br>[ ] 790 Other Labor Litigation<br>[ ] 791 Employee Retirement Income Security Act<br>**SOCIAL SECURITY**<br>[ ] 861 HIA (1395ff)<br>[ ] 862 Black Lung (923)<br>[ ] 863 DIWC/DIWW (405(g))<br>[ ] 864 SSID Title XVI<br>[ ] 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>[ ] 870 Taxes (U.S. Plaintiff or Defendant)<br>[ ] 871 IRS—Third Party 26 USC 7609 | |
| | | **IMMIGRATION**<br>[ ] 462 Naturalization Application<br>[ ] 465 Other Immigration Actions | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

- [x] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Americans w/ Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, et seq.; The Family Medical Leave Act, 29 U.S.C. §2601, et seq.

Brief description of cause:
Employment Discrimination

## VII.  REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $  150,000 IN EXCESS

CHECK YES only if demanded in complaint:
JURY DEMAND:  [x] Yes  [ ] No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 12-08-25 | /s/BRIAN C. FARRELL, ESQUIRE  I.D. No.: #319145  Attorney For Plaintiff |

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

10/2024

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: 10501 Drummond Road, Philadelphia, Pennsylvania 19154.

---

***RELATED CASE IF ANY:*** Case Number: _____ Judge: _____

1. Does this case involve property included in an earlier numbered suit? Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ■ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A.* *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Wage and Hour Class Action/Collective Action
6. ☐ Patent
7. ☐ Copyright/Trademark
8. ☒ Employment
9. ☐ Labor-Management Relations
10. ☐ Civil Rights
11. ☐ Habeas Corpus
12. ☐ Securities Cases
13. ☐ Social Security Review Cases
14. ☐ Qui Tam Cases
15. ☐ Cases Seeking Systemic Relief  **\*see certification below\***
16. ☐ All Other Federal Question Cases. *(Please specify):* _____

*B.* *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ All Other Diversity Cases: *(Please specify)* _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ■ **does not** have implications beyond the parties before the court and ☐ **does** / ■ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ XX   Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐   None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

<u>**CASE MANAGEMENT TRACK DESIGNATION FORM**</u>

CHRISTINE STERNBERGER                          :                    CIVIL ACTION NO:
                                               :
                           v.                  :
SPECIAL PEOPLE IN NORTHEAST,                   :
INC.                                           :

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (☑)


| | | |
|---|---|---|
| 12/05/2025 | /s/ Brian C. Farrell, Esq. | PLAINTIFF |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 569-1999 | (215) 569-3870 | bfarrell@discrimlaw.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLANIA

| | |
|---|---|
| **CHRISTINE STERNBERGER** | Civil Action No.: |
| Plaintiff, | |
| v. | |
| **SPECIAL PEOPLE IN NORTHEAST, INC.** | |
| | JURY TRIAL DEMANDED |
| Defendant. | |

## CIVIL ACTION COMPLAINT

Plaintiff Christine Sternberger ("Plaintiff"), brings this action against Defendant Special People in Northeast, Inc. ("Defendant" or "SPIN") for violations of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA"); the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601, *et seq.*; and the Pennsylvania Human Relations Act, 43 P.S. §951, *et seq.* ("PHRA").

## I.     PARTIES

1.      Plaintiff Christine Sternberger is an adult individual who, at all times relevant hereto, resided in Philadelphia County, Pennsylvania.

2.      Defendant Special People in Northeast, Inc., is a Pennsylvania nonprofit corporation with a principal place of business located at 10501 Drummond Road, Philadelphia, Pennsylvania 19154. Defendant operates programs and services for individuals with developmental disabilities.

3.      At all times relevant hereto, Defendant was an "employer" within the meaning of the statutes which form the basis of this matter.

1

4.      At all times relevant hereto, Plaintiff was an "employee" of Defendant within the meaning of the statutes which form the basis of this matter.

## II.      JURISDICTION AND VENUE

5.      This Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in Philadelphia County, Pennsylvania, within this judicial district.

7.      On or about September 23, 2024, Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC").

8.      On September 11, 2025, the EEOC issued Plaintiff a Determination and Notice of Rights, authorizing her to file a civil action in federal court within 90 days of receipt.

9.      This Complaint is filed within 90 days of Plaintiff's receipt of her Right to Sue Letter.

10.      All conditions precedent to filing this action have been satisfied.

## III.      FACTUAL ALLEGATIONS

11.      Defendant hired Plaintiff in or around December 2019 as a Direct Support Professional.

12.      Plaintiff consistently performed her job duties competently and received positive performance evaluations.

13.     As a result of her excellent work performance, in or around October 2022, Defendant promoted Plaintiff to the position of Employment Specialist.

14.     As Employment Specialist, Plaintiff reported directly to Alec Weinstein ("Weinstein"), Supervisor.

15.     Plaintiff continued to perform her job duties satisfactorily in her role as Employment Specialist.

16.     Plaintiff suffers from diabetes, a chronic medical condition that substantially limits one or more of her major life activities, including, but not limited to, blood sugar regulation, eating, and the proper function of the endocrine system.

17.     In or around the winter of 2020, Plaintiff experienced a diabetic blood sugar spike at work, causing her to experience extreme exhaustion, sickness, and dizziness. She informed her then-supervisor, Patrick McMillan ("McMillan"), Assistant Director, of her condition and requested to leave work early that day.

18.     Approximately two weeks later, Plaintiff requested intermittent leave under the FMLA through Lincoln Financial, the third-party administrator that processes leaves of absence on behalf of Defendant, as a reasonable accommodation to address flare-ups of her diabetes.

19.     Plaintiff also suffers from plantar fascial fibromatosis (including heel spurs), a chronic medical condition that substantially limits one or more of her major life activities, including, but not limited to, walking and standing.

20.     In or around October 2023, Plaintiff's physician told her that she had heel spurs on her left heel and recommended that she perform limited walking and take a fifteen-minute sitting break for every hour of standing.

21.    Later that same week in October 2023, Plaintiff requested reasonable accommodations from Weinstein, specifically: (a) ten-to-fifteen-minute sitting breaks for every hour of standing; and (b) no additional "one-to-one" patient assignments. One-to-one patients were individuals whom Plaintiff was required to constantly follow and assist throughout the workday.

22.    Weinstein assured Plaintiff that he would speak with Defendant's Director, Kate Schultz ("Schultz"), and respond to her regarding her accommodation request.

23.    Despite his assurances, Weinstein failed to respond to Plaintiff regarding her requested accommodation.

24.    Plaintiff repeatedly informed Weinstein of the heel pain she experienced during the workday, which became so severe that she needed to walk on her toes to avoid placing pressure on her left heel. Weinstein continued to dismiss Plaintiff's medical concerns and her ongoing need for disability accommodation.

25.    In or around late November 2023, Plaintiff made her accommodation request to Michele Felix ("Felix"), Assistant Director, requesting ten-to-fifteen-minute sitting breaks for every hour of standing and no additional one-to-one patient assignments until at least January 26, 2024, when she was scheduled to see an orthopedic physician.

26.    At that time, Plaintiff also made a complaint of disability discrimination against Weinstein by reporting his dismissal of her heel pain and his failure to respond to her earlier accommodation request.

27.    Felix ultimately agreed to implement Plaintiff's requested accommodations.

28.    On or about December 5, 2023, Plaintiff's left foot pain became so severe that she was unable to walk. She called Weinstein, informed him of her inability to walk, and requested to work from home that day as a reasonable accommodation.

4

29.    Weinstein denied Plaintiff's request and demanded that she either come into the office, work at a nearby Dunkin' Donuts, or call out of work. As a result, Plaintiff was required to take the day off.

30.    The next day, Plaintiff provided Defendant with documentation explaining her need to take off work on December 5, 2023, due to her difficulty walking, as well as a note from her physician supporting her medical need for the absence.

31.    On or about January 9, 2024, Plaintiff discovered that Weinstein had scheduled her to work with a new one-to-one patient (a patient who required someone to physically follow them for approximately four hours at a time and who was known to hit people) in direct violation of her approved accommodation.

32.    That same day, Plaintiff emailed Weinstein to explain that she could not support that patient under her disability accommodation. She also reported Weinstein's disregard of her accommodation to Felix and to Maureen Geiss ("Geiss"), Assistant Director of Human Resources, and requested to have her accommodation confirmed in writing.

33.    On or about January 11, 2024, Plaintiff made another complaint regarding Weinstein's conduct to Defendant's Benefits Group.

34.    Upon information and belief, despite Plaintiff's multiple complaints against Weinstein, Defendant failed to investigate or take any remedial action.

35.    On or about January 15, 2024, Plaintiff asked Andrea Consigny ("Consigny"), Head Director, whether she could be removed from Weinstein's team due to his failure to abide by her disability accommodation. Consigny responded that Defendant did not offer the type of accommodation Plaintiff was seeking.

36.     On or about January 19, 2024, Geiss informed Plaintiff that she was required to take a medical leave of absence because Defendant allegedly could not offer her the accommodation that had already been approved and implemented by Felix.

37.     Due to Defendant's refusal to continue accommodating her disability, on or about January 22, 2024, Plaintiff was forced to request a medical leave of absence under the FMLA through Lincoln Financial. Her leave began that same day.

38.     Several days later, Plaintiff's leave was approved through April 5, 2024.

39.     On or about January 26, 2024, Plaintiff's orthopedic physician diagnosed her with plantar fascial fibromatosis and told her that she could return to work on a light duty basis as long as her employer permitted her to take ten-to-fifteen-minute sitting breaks for each hour of standing.

40.     That same day, Plaintiff began physical therapy for her condition.

41.     Thereafter, Plaintiff's orthopedic physician sent Lincoln Financial monthly medical documentation confirming her continued ability to return to work on a light duty basis.

42.     On or about March 8, 2024, Plaintiff's orthopedic physician provided documentation releasing her to return to work that same day with light duty restrictions lasting four weeks. These restrictions included no lifting, carrying, pushing, or pulling more than five pounds; no excess walking, standing, or stair climbing; and no ladder climbing

43.     On or about March 12, 2024, Plaintiff informed Geiss about her current medical condition and that her orthopedic physician had cleared her to return to work with four weeks of light duty restrictions. Geiss referred Plaintiff to Regla Baez, Director of Human Resources.

44.     On or about April 4, 2024, Plaintiff contacted Baez and requested to return to work on light duty. Plaintiff asked whether she could be transferred to or apply for another position at Defendant that could accommodate her disability during her light duty period.

45.    Baez denied Plaintiff's request.

46.    On or about May 14, 2024, Lincoln Financial denied Plaintiff's request for an extension of her medical leave.

47.    On or about May 16, 2024, Plaintiff informed Geiss of Lincoln Financial's failure to respond to her communications regarding her leave. She also notified Geiss that her orthopedic physician had recommended another MRI, the results of which she would receive at her appointment on or about May 30, 2024.

48.    In or around mid-May 2024, Geiss informed Plaintiff that her medical leave of absence was "unexcused" because Lincoln Financial had denied her long-term disability leave.

49.    Plaintiff made a complaint of disability discrimination against Defendant with her union, AFSCME Local 1739, referencing Defendant's denial of her request to return to work in a light duty role and denial of the extension of her medical leave of absence.

50.    On or about May 31, 2024, Plaintiff informed Geiss that her orthopedic physician recommended she remain on light duty and was referring her to a surgeon.

51.    On or about June 5, 2024, Geiss told Plaintiff that, due to the denial of her long-term disability leave, she needed to either return to work without medical restrictions or resign. Geiss gave Plaintiff until June 7, 2024, to decide.

52.    That same day, Plaintiff made another complaint of disability discrimination against Defendant with her union, reporting Defendant's refusal to accommodate her and its threat of termination.

53.    On or about June 7, 2024, around 3:45 p.m., Plaintiff's union filed a grievance on her behalf with Defendant. The grievance referenced Defendant's failure to accommodate

Plaintiff's disability and its threat to terminate her for remaining on the medical leave that Defendant had forced her to take.

54.    Around 3:50 p.m. that same day, Geiss responded that Plaintiff's employment had been terminated five minutes earlier.

55.    Defendant terminated Plaintiff's employment because of her actual or perceived disabilities, her record of impairment, and/or in retaliation for her requests for reasonable disability accommodations and her complaints of disability discrimination.

<u>**COUNT I**</u>
**ADA, 42 U.S.C. §12101, *et seq.***
**(Disability Discrimination, Failure to Accommodate, and Retaliation)**

56.    Plaintiff incorporates by reference the allegations above as though fully set forth herein.

57.    Defendant's subjected Plaintiff to discrimination on the basis of disability in violation of the ADA.

58.    Defendant failed to accommodate Plaintiff's disability in violation of the ADA.

59.    Defendant retaliated against Plaintiff for requesting reasonable accommodations and/or complaining about disability discrimination, in violation of the ADA.

60.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer damages, including but not limited to lost wages and benefits, emotional distress, humiliation, and loss of enjoyment of life.

<u>**COUNT II**</u>
**PHRA, 43 P.S. § 951, *et seq.***
**(Disability Discrimination, Failure to Accommodate, and Retaliation)**

61.    Plaintiff incorporates by reference the allegations above as though fully set forth herein.

62.    Defendant's subjected Plaintiff to discrimination on the basis of disability in violation of the PHRA.

63.    Defendant failed to accommodate Plaintiff's disability in violation of the PHRA.

64.    Defendant retaliated against Plaintiff for requesting reasonable accommodations and/or complaining about disability discrimination, in violation of the PHRA.

65.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer damages.

<u>**COUNT III**</u>
**FMLA, 29 U.S.C. §2601, *et seq.***
**(Interference and Retaliation)**

66.    Plaintiff incorporates by reference the allegations above as though fully set forth herein.

67.    Plaintiff suffered from serious health conditions within the meaning of the FMLA, including but not limited to diabetes and plantar fascial fibromatosis with heel spurs, which involved continuing treatment by health care providers and periods of incapacity.

68.    Plaintiff was entitled to FMLA-protected leave for her serious health conditions and for periods of incapacity and treatment related thereto.

69.    Plaintiff exercised her rights under the FMLA by requesting and taking intermittent leave through Lincoln Financial for her diabetes and by requesting and taking a continuous medical leave of absence beginning on or about January 22, 2024, for her plantar fascial fibromatosis and related conditions.

70.    Defendant interfered with, restrained, and denied the exercise of Plaintiff's rights under the FMLA by forcing Plaintiff onto a medical leave of absence on or about January 19-22, 2024 instead of continuing to provide reasonable accommodations that would have allowed her to

remain working; failing and refusing to restore Plaintiff to her position or to an equivalent position upon her being medically cleared to return to work with light duty restrictions on or about March 8, 2024; misclassifying Plaintiff's FMLA leave as "unexcused" once Lincoln Financial denied her long-term disability benefits; and conditioning Plaintiff's return to work on her agreement to return with no medical restrictions, rather than honoring her FMLA-protected leave and restoration rights.

71.    Defendant retaliated against Plaintiff for exercising her rights under the FMLA by forcing her onto leave after she sought to exercise her right to take protected leave and her right to return with medically documented limitations; refusing to allow her to return to work on a light duty basis after she provided documentation from her orthopedic physician clearing her to return with restrictions; treating her continued absence as "unexcused" and threatening termination because she remained on leave related to her serious health conditions; and terminating her employment on or about June 7, 2024, shortly after she engaged in protected activity by exercising FMLA rights.

72.    Defendant's interference with and retaliation for Plaintiff's exercise of her FMLA rights were willful and in reckless disregard of Plaintiff's rights under the FMLA.

73.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Court enter judgment in her favor and against Defendant and award the following relief:

a. Compensatory damages, including back pay, front pay, lost benefits, and other economic losses;

b. Compensatory damages for emotional distress, humiliation, embarrassment, and mental anguish, and other non-economic damages;

c. Punitive damages;

d. Liquidated damages under the FMLA;

e. Prejudgment and post-judgment interest;

f. Reasonable attorneys' fees and costs of litigation;

g. Such other and further relief as this Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

**THE GOLD LAW FIRM, P.C.**

Brian C. Farrell, Esquire
PA I.D. No.: 319145
1835 Market Street, Suite 515
Philadelphia, PA 19103
bfarrell@discrimlaw.net
(215) 569-1999
Attorney for Plaintiff Christine Sternberger

Date: December 8, 2025